[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant State of Connecticut, through its power of eminent domain condemned the real estate at issue herein CT Page 315 and on September 25, 1989, filed a Statement of Compensation and deposited with the Clerk of the Superior Court the sum of $155,000.00 for the benefit of the plaintiffs. The plaintiffs applied for a review of the defendant's Statement of Compensation contending that the valuation is not the fair and just compensation.
The real estate herein at issue is in an area of downtown Winsted that is changing from older single family homes to office conversions. The homes are old without a great amount of land available for off street parking. The close proximity of these homes to the Winsted business area resulted in a trend toward the conversion of many of these homes for commercial and professional use. The premises herein, 46 Park Place East, Winsted, consists of a two and one-half story wood framed dwelling and a detached garage on a plot of land with a street frontage of 94 feet and an average depth of 130 feet, being approximately .28 acres.
At the hearing on this complaint, both the plaintiffs and the defendant presented testimony through appraisers as to the value of the premises, based upon the highest and best use of the premises. The plaintiff's appraiser testified that the highest and best use of the premises was as commercial or office space. That the area within which the premises are located was in a transitional stage from residential to commercial-professional uses. Further, the comparable sales he presented were in the immediate vicinity of the subject premises and were also residential buildings converted to professional office space.
His valuation of the premises was $174,000.00.
The defendant's appraiser also testified that the premises were located in a section of the city that is in a transitional state from residential to commercial-professional use. However, his comparable sales were all of residential buildings that although not converted could presumably be converted to commercial-professional use. These comparable sales were not located in the immediate area of the subject premises.
His valuation was $155,000.00 for the subject property.
The court finds that the valuation by plaintiff's witness is the fair and just value of the premises at the time of the taking by the defendant.
The court further finds that, although the use of the premise would require a parking variance because of the limited parking space, this variance could be obtained without difficulty. CT Page 316 It would reasonably require the expenditure of $2,000.00 to apply for and obtain this approval.
The court also finds that the just and fair compensation for the plaintiffs is $172,000.00. The court arrived at this valuation after hearing the appraiser witnesses and other evidence presented as well as its own knowledge and experience of real estate evaluation.
The court notes that the comparable sales presented by the plaintiffs were of properties more like that of the subject property in location, usage and type.
The court further notes that to obtain the highest and best use for the premises would incur expenses in applying to the zoning commission to permit a reduction in the required on-premises automobile parking space.
Although this application and expense would be necessary to obtain the fullest use of the premises, it appears from the testimony that it would be successful since similar neighboring properties were permitted such reduced parking areas.
Regarding defendant's argument raised in its brief that although plaintiffs John English and Thomas English in their individual capacities were previously granted their motion to be added as plaintiffs in this action, the original allegations contained in paragraph 3 of the appeal were not amended to include them as owners of the premises herein.
The court notes that both John R. English and Thomas J. English are co-executors of the estate of Laura Caroline English, that the said premises are included in the inventory of that estate, and that both John R. English and Thomas J. English, were directly involved in all of the proceedings in this appeal. Further, that all parties to this appeal proceeded on the basis that John and Thomas were acting in both capacities, that is, as executors and as individuals, and the court so finds.
The court further finds that interest at the rate of 10% on the unpaid amount is fair and just. This interest rate is to apply to that portion of the compensation found by the court to be fair and just and that is in excess of the $155,000.00 deposited by the defendant with the Clerk of the Superior Court. The payment of interest is to cover the period from September 25, 1989 to the date of the payment by the defendant to the plaintiffs of the difference between the $155,000.00 previously paid to the clerk of court and the sum of $172,000.00 found by the court to be fair and just CT Page 317 compensation for the property condemned by the defendant.
Therefore, judgment is to enter for the plaintiffs to receive the sum of $172,000.00 less the sum of $155,000.00 previously paid by the defendant, with interest at the rate of 10% on the unpaid balance, plus all costs including the appraisers fees of $700.00.
JULIUS J. KREMSKI STATE TRIAL REFEREE